(77 South. 710)

HOPKINS et al. v. JORDAN. (5 Div. 687.)

(Supreme Court of·Alabama. Jan. 24, 1918.)

1. MORTGAGES ⊝155(1) — MORTGAGEES AS BONA FIDE HOLDERS FOR VALUE.

Where banks which took a mortgage on lands from the purchasers thereof had actual notice of the existence of mortgage thereon executed by the sellers, such banks were not bona fide holders for value without notice.

2. NOVATION ⊝1 — ESSENTIALS — SUBSTITUTION OF NEW MORTGAGE FOR OLD.

To effect a novation, as when the mortgagee of land accepts a new note and mortgage executed by purchasers from the mortgagors, there must be: First, a previous valid obligation; second, an agreement of all parties to the new contract or obligation; third, an agreement that the transaction should be an extinguishment of the old contract; and, fourth, the new contract or obligation must be valid between the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

3. PRINCIPAL AND AGENT ⊝105(9)—AUTHORITY TO COLLECT NOTE AND MORTGAGE—COLLECTION IN MONEY.

Had a mortgagee's agent been authorized by her to collect from the mortgagors the note and mortgage, he could have done so only in money, and not by way of novation and substitution of a new mortgage, or obligation of the purchasers of the land from the mortgagors, in place of the old mortgage, the primary obligation of the mortgagors.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Suit in equity by M. R. Jordan against M. J. Hopkins and others. From a decree for complainant, respondents appeal. Decree affirmed.

Frank W. Lull, of Wetumpka, and T. G. Hilyer, of Tallassee, for appellants. W. A. Jordan and Ball & Beckwith, all of Montgomery, for appellee.

THOMAS, J. The question of fact for decision·is, Was the mortgage by Mr. Hopkins and wife to Mrs. M. R. Jordan satisfied before this suit for foreclosure was brought? Hopkins became indebted to Jordan in the sum of $1,100, and, to secure the same executed on March 18, 1912, a note and mortgage on the real estate in question, due January 1, 1913, and on March 22, 1912, duly filed said mortgage for record. It is averred in the bill that on August 16, 1913, said mortgagors conveyed this real estate to Mary E. and J. Q. Adams, who went into, and are still in possession thereof; that on the date of their purchase, the latter parties executed a mortgage· on the lands in question to the People's Savings Bank of Tallassee, for $1,-500, which mortgage was duly recorded; that on December 3, 1914, the Savings Bank "entered into an agreement with the said the Bank of Tallassee," in and by which the latter bank "acquired an interest * * * in the said mortgage made by the said Mary E. Adams and J. Q. Adams." Default under the Hopkins mortgage to Jordan, and the provisions for foreclosure, are averred. The bill further avers:.

"That your oratrix is informed and believes, and so avers, that the contention of said M. J. Hopkins is that, on or about August 18, 1913, the said Mary E. Adams and J. Q. Adams executed and delivered to your oratrix their promissory note for $1,100 payable on the 1st day of January, 1915, together with a mortgage upon the real estate hereinabove described to secure the same, and that the giving of said note and mortgage operated as a satisfaction or extinguishment of all liability of the said M. J. Hopkins and S. E. Hopkins under the said note and mortgage dated March 18, 1912, hereinabove referred to. But your oratrix avers that said note and mortgage and debt evidenced thereby of the said M. J. Hopkins and S. E. Hopkins to your oratrix of March 18, 1912, has never been satisfied, discharged, or extinguished; that under the circumstances hereinabove set forth, if your oratrix were to undertake to sell said real estate under the power contained in said mortgage, she is informed and believes, and so avers, that no one would be willing to bid for said real estate at said sale anything like its true value. Your oratrix is further informed and believes, and so avers, that the said the Bank of Tallassee or the said the People's Savings Bank of Tallassee claims that the mortgage made to said People's Savings Bank of

---

⊝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tallassee by said Mary E. Adams and J. Q. Adams hereinabove referred to is a lien upon said real estate superior to the lien of the mortgage held by your oratrix, dated March 18, 1912."

The prayer was for reformation of oratrix's mortgage as to a part of the description of the lands, for an ascertainment whether the mortgage from Hopkins to Jordan was a first lien on said lands, and for a foreclosure of Mrs. Jordan's mortgage. From a decree of reformation and foreclosure, the appeal is taken.

[1] The People's Savings Bank had actual notice of the Hopkins-Jordan mortgage through its executive officer; the first mortgage, that to Mrs. Jordan, being unsatisfied of record. The Savings Bank and the Bank of Tallassee had notice of its existence, and were consequently not bona fide holders for value without notice. The agreement of transfer by the Savings Bank of its security to the Bank of Tallassee, was discussed in Bank of Tallassee v. Jordan, 200 Ala. 182, 75 South. 930.

The insistence of appellants is, that when Holloway acted or assumed to act (as the case was) as Mrs. Jordan's agent, and took a note and mortgage from Adams for $1,100 to Mrs. Jordan, she was thereby bound in such sense as that it was "a kind of accord and satisfaction" (Bandman v. Finn, 185 N. Y. 508, 78 N. E. 175, 12 L. R. A. [N. S.] 1135) as to the Hopkins note and mortgage; that in law and in fact it amounted to novation. McDonnell v. Ala. Gold Life Ins. Co., 85 Ala. 401, 414, 5 South. 120. Mr. Justice Somerville gives a general definition of a novation, in McDonnell's Case, supra, as follows:

"A novation, under the rules of the civil law, whence the term has been introduced into the modern nomenclature of our common-law jurisprudence, was a mode of extinguishing one obligation by another, the substitution, not of a new paper or note, but of a new obligation, in lieu of an old one; the effect of which was to pay, dissolve, or otherwise discharge it."

[2] From this definition it follows that there must have been (1) a previous valid obligation; (2) an agreement of all the parties thereto, to the new contract or obligation; (3) an agreement that it was an extinguishment of the old contract or obligation; and (4) that the fact must be that the new contract or obligation was a valid one between the parties thereto. Pope v. Vajen, 121 Ind. 317, 330, 22 N. E. 308, 6 L. R. A. 688; Morris v. Whitmore, 27 Ind. 418; McClellan v. Robe, 93 Ind. 298; Clark v. Billings, 59 Ind. 508.

We have examined this evidence, and find that Mrs. Jordan did not agree to any new contract in lieu of the previous Hopkins note and mortgage held by her for the indebtedness of $1,100; that she did not know of the taking of the Adams note and mortgage to her by Holloway until long after it was taken and placed in her private box with her other papers; and that she had

not authorized another to so act for her. There were lacking two elements of a novation, viz. the new contract by the parties, and the agreement that it should be an extinguishment of the old contract.

[3] Though the evidence shows that Holloway made the original loan to Hopkins for Mrs. Jordan, it does not show that Holloway was authorized by her to retain her papers and to collect them; she left them with the bank. Thus the Hopkins note and mortgage were retained by Mrs. Jordan. There was no entry of satisfaction thereof on the record of the mortgage in the probate office, and no receipt was given against them, nor was there a binding agreement for the satisfaction or extinguishment of the Hopkins note and mortgage. Had Holloway been authorized by Mrs. Jordan to collect from Hopkins the note and mortgage, he could have done so only in money, and not by way of a novation and substitution of a new obligation in lieu of the old one, the primary obligation of the Hopkinses.

On consideration of the evidence, we are of opinion that the decree of the circuit court was correct; and it is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.