(80 South. 431)

NORWOOD v. STINNETT. (6 Div. 814.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. BILLS AND NOTES ⬮64 — CONDITIONAL RESERVATION OF LIABILITY—STATUTE.

Under Code 1907, § 4973, promissory note may be delivered to payee with conditional reservation of liability, which as between the parties is effective.

2. INSURANCE ⬮188(3) — PREMIUM NOTES — CONDITIONAL DELIVERY — QUESTION FOR JURY.

Whether promissory notes given life insurance agent for premiums on two policies were delivered on condition they should not be effective if insured decided he did not desire policies *held* question of fact for jury in agent's action.

3. INSURANCE ⬮188(1) — CONDITIONAL DELIVERY—PREMIUM NOTES.

Where life policies were received only for examination, and insured executed notes to become effective only in case of his acceptance, policies never took effect, and notes never became obligation until insured accepted policies or dealt with them or kept them so long without objection as to create inference of acceptance.

4. SALES ⬮168½(5)—SALE OR RETURN.

In case of sale or return, contract is effective until party who has option of its affirmance actually disaffirms, and disaffirmance must be within stipulated time or within reasonable time, if none is stipulated.

5. INSURANCE ⬮188(1) — CONDITIONAL DELIVERY — PREMIUM NOTES — OBLIGATION TO RETURN POLICIES.

Where insured received life policies and executed notes for premiums on condition notes should not become effective unless he decided to keep policies, rejection of policies and notes imposed concurrent obligation to return policies; failure so to return leaving him liable on notes.

6. INSURANCE ⬮188(1) — PREMIUM NOTES — WANT OF CONSIDERATION.

Notes executed for premiums on life policies on condition insured should not be liable on notes unless he decided to keep policies *held* not void for want of consideration; insured, if having decided not to keep policies, never having returned them.

7. APPEAL AND ERROR ⬮1040(15) — HARMLESS ERROR—PLEADINGS.

Error in sustaining demurrers to plaintiff's special replications was without prejudice to him, where he had the benefit of proof of them under the general issue.

Appeal from Circuit Court, Jefferson County; J. C. B. Guin, Judge.

Action by J. M. Norwood against J. E. Stinnett on a promissory note. Judgment for defendant, and plaintiff appealed. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The defendant filed the plea of the general issue and the following special pleas:

(1) The defendant for further plea and answer to the plaintiff's complaint says that the note upon which this suit is based is void for want of consideration.

(2) The defendant for further plea and answer to the plaintiff's complaint says that the note upon which this suit is based was delivered to the plaintiff by the defendant conditionally and with distinct understanding that it was for a special purpose, viz. the plaintiff delivered to defendant two insurance policies for him, defendant, to examine, and determine whether or not he, defendant, would purchase same, and the note upon which this suit is based was delivered as aforesaid, to become effective if defendant, after examining insurance policy, decided to take or accept said policy, and the defendant avers that before the note came due, and in a reasonable time, he notified the plaintiff that he did not care to purchase or accept the insurance.

(3) Comes the defendant, and for further plea and answer to the plaintiff's complaint says that the note upon which this suit is based was delivered to the plaintiff conditionally and for a special purpose only, viz.: At the time the note was delivered to plaintiff, he, the plaintiff, delivered to the defendant two insurance policies with the understanding that the defendant examine said policies, and if he decided to take the insurance, the note was to be paid in a certain time, and the defendant avers that, after examining said policies, he decided not to accept said insurance, and so notified the plaintiff within reasonable time.

Demurrers to the pleas were overruled, and replications were filed to pleas 2 and 3 as follows:

(3) Plaintiff says that the note sued on was executed for the sole purpose of the payment of the premium for one year on two certain policies of insurance, issued by the Reliance Insurance Company and delivered to the plaintiff simultaneously with the execution and delivery of the note by the defendant; that said insurance was in two policies, namely, one for $1,000, and one for $2,000, on the life of defendant, which said policies of insurance remained in force throughout the full period of one year for which said note was given in payment of such premium.

(4) For further replication to defendant's special pleas 2 and 3 the plaintiff says: That the note sued upon was executed by defendant and delivered to plaintiff in payment of the premium on two policies of life insurance for the amount of, to wit, $3,000 issued by the Reliance Life Insurance Company upon the life of defendant, wherein and whereby the life of defendant was insured for the term of one year from the date of the delivery of the note which was delivered on the day it was executed, and plaintiff avers that said insurance has been kept in full force and effect for the period of one year from the date of the execution of said note, and the defendant did not return, or offer to return, said policies.

(6) That the note in suit was executed in payment of the first premium on two policies

of life insurance, namely, one for $1,000, and one for $2,000, insuring the life of the defendant, which said policies were delivered to the defendant and put in force on the day the note was executed and delivered, and said policies of insurance have been kept in force for the period of one year from the date of the note sued on in this case, and the defendant has not offered to return said policies to the plaintiff for cancellation, wherefore the plaintiff says that the defendant is, by reason of receiving the benefit of said contract, now estopped to deny that he signed and delivered said note in payment of the aforesaid first annual premium on said policies.

Demurrers to these replications were sustained, and issue was joined on the plea. The note sued on showed an unconditional promise to pay, but, according to defendant, it was delivered conditionally. Defendant's testimony relative thereto was as follows:

I made application for a $1,000 policy of insurance, * * * with agreement that if policy was satisfactory I would keep it. When Mr. Norwood came out to deliver the policy he had two policies, one for $1,000, and the other for $2,000, which also had a sick and benefit clause in it. I told him I was not able to take them and pay for them, and he says I will make you able, and I finally agreed to sign the note and take the policies home and examine them, and after reading them over it was understood and agreed, and I told Mr. Norwood, if the policies were satisfactory, and if I decided to keep the policies, I would pay the note, but if not I would return the policies. * * * I saw Mr. Norwood in Bessemer a month or more after I signed the note, and told him I would not take the insurance and wanted my note. The policies were afterwards thrown around the house, and the children played with them until they were lost.

On cross-examination he stated:

I did not return the policies to Mr. Norwood, nor to the Reliance Life Insurance Company. I did not offer to return them.

Testimony of the plaintiff tended to show that the defendant accepted the policies and executed his notes for the premium without any condition whatever. The plaintiff requested the court in writing to give to the jury the general affirmative charge, which the court refused.

E. E. Wilson and Mathews & Mathews, both of Bessemer, for appellant.
Goodwyn & Ross, of Bessemer, for appellee.

SOMERVILLE, J. The plaintiff was, of course, entitled to recover the amount evidenced by the notes, unless the defendant established the facts of special defense set up in one of his special pleas.

[1, 2] A note may be delivered to the payee with a conditional reservation of liability, which, as between the parties, is effective. Code, § 4973; Bank of Tallassee v. Jordan, 200 Ala. 182, 75 South. 930. Whether there was such a conditional delivery in this case was a question of fact for the jury.

[3] If, as claimed, defendant received the policies of insurance only for examination, and executed his notes to become effective only in case of his approval and acceptance of the policies, the transaction was strictly analogous to a sale of goods on approval, and the policies never went into operation and effect, and the notes never became an obligation, until defendant approved and accepted the policies, or dealt with them, or kept them such a length of time, without rejection, as would create an inference of fact that he had accepted them. Parker v. Bond, 121 Ala. 529, 532, 25 South. 898.

[4] The case is different from one of sale or return. There the contract is effective until the party who has the option of disaffirmance actually disaffirms; and the disaffirmance must be within the time stipulated, if any, or within a reasonable time, if none is specified.

[5] Defendant's special pleas, setting up his right of rejection, do not show any obligation to return the policies upon their rejection by him; and, without such an obligation, his mere failure to return, or to offer to return, them at the time of his rejection of the whole transaction, or within a reasonable time, would not have impaired the efficacy of that rejection.

But defendant's testimony shows that his rejection of the insurance contracts and his promise to pay therefor imposed upon him the concurrent obligation to return the policies. He was bound to know that so long as he kept them they remained in force as outstanding obligations of the insurance company in his favor, and that in case of his death, while they remained uncanceled, the beneficiary could enforce them against the company. His contract bound him to deliver them up, which he did not even offer to do.

He could not thus retain the policies in force, and at the same time escape the obligation to pay for them, and we are of the opinion that the general affirmative charge should have been given for the plaintiff as requested in writing by him.

[6] Defendant's plea No. 1, setting up want of consideration, was not subject to the demurrer. Kolsky v. Enslen, 103 Ala. 97, 15 South. 558.

[7] If there was error in sustaining the demurrers to plaintiff's special replications, it was without prejudice, since he actually had the benefit of proof of them under the general issue. In this regard, it will suffice to say that a replication, setting up defendant's obligation to return the policies to plaintiff if they were rejected, and his failure to do so, or to offer to do so, contemporaneously therewith, would be a good answer to the special pleas.

For the error noted, the judgment must be

reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.