(108 So. 69)

## THOMPSON v. FOURTH NAT. BANK OF MONTGOMERY. (3 Div. 742.)

(Supreme Court of Alabama. Jan. 21, 1926. Rehearing Denied April 22, 1926.)

1. **Bills and notes** ⬉⇒475—Maker's plea, in payee's action on note, that condition to be performed by third party on which note was to be delivered was performed, held insufficient as against demurrer, in absence of allegation that defendant did not receive consideration for note or that he returned it (Code 1923, §§ 9044, 9052, 9084).

In payee bank's action on note against maker, defendant's plea alleging that note was not to be delivered to bank until third party deposited collateral security with bank, and that collateral was never deposited, *held* insufficient as against demurrer for failing to allege that defendant did not receive consideration for note or that he returned it to bank, notwithstanding Code 1923, §§ 9044, 9052, 9084.

2. **Bills and notes** ⬉⇒444—In absence of special agreement, payee of note need not surrender or enforce collateral security before suing on note.

In absence of special agreement, payee of note is under no obligation to surrender or enforce collateral security held by him before suing on note.

3. **Banks and banking** ⬉⇒226—Maker's plea that payee bank converted collateral to its own use held insufficient against demurrer in failing to allege that collateral belonged to maker (Code 1923, § 9531, form 26).

In payee bank's action on note against maker, defendant's plea that bank converted collateral securities to its own use or use of another to defendant's damage, which defendant offers as set-off or recoupment, *held*, in view of Code 1923, § 9531, form 26, insufficient as against demurrer for failing to allege that securities belonged to defendant and were held by bank as collateral for note when converted.

4. **Contracts** ⬉⇒94(1).

Fraud and damage must concur, and neither unaccompanied by other is ground for defense.

═══

⬉⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. **Bills and notes ⊚⟿477—Maker's plea, in action on note, that he was induced to make contract by false representations of plaintiff's vice president and by president of another corporation, held sufficiently to identify persons who made representations.**

Defendant maker's plea, in payee's action on note, alleging that defendant was induced to enter into contract by false and fraudulent representations of plaintiff's vice president and of president of a certain other corporation, *held* sufficiently to designate and identify persons who made representations.

6. **Fraud ⊚⟿31—Defrauded party may affirm contract and sue for damages, or set up damages as defense or counterclaim.**

Party induced to enter into contract by false and fraudulent representations may affirm contract, keeping what he has received under it, and sue for damages sustained, or he may set up such damages as defense or counterclaim if sued on contract; but, to be available as defense, representation must be of material fact and result in injury.

7. **Bills and notes ⊚⟿477—In payee bank's action on note, maker's plea that it notified bank's officer not to close transaction unless collateral was deposited by defendant's debtor, and that it relied on officer's false representations that collateral had been deposited, to its damage, held insufficient against demurrer.**

In payee bank's action on note, maker's plea alleging that H., defendant's debtor, being unable to borrow from bank to pay debt, it was agreed that H. would deliver securities to bank as collateral for note which defendant was to give bank, that defendant informed officer of bank not to close transaction or pay money on note unless H. deposited collaterals, that said officer then falsely informed defendant that collaterals had already been deposited, and that defendant relied thereon to his damage, *held*, in absence of special agreement requiring bank to first exhaust collateral before suing on note, insufficient as against demurrer, in that no damage to defendant was shown; collateral being property of H.

8. **Bills and notes ⊚⟿484—Maker's plea, alleging that he was not indebted on note because payee bank received from proceeds of collateral sufficient to pay note, held insufficient, where face of plea showed collateral secured other debts.**

In payee bank's action on note, maker's plea, alleging that he was not indebted on note because bank received from proceeds of collateral sufficient to pay note, *held* insufficient against demurrer, where face of plea showed that collateral secured other debts due to bank by third party.

9. **Bills and notes ⊚⟿477—In payee's action on note, maker's plea of estoppel to sue on note because of fraud held insufficient as against demurrer, in absence of allegation that defendant restored money received on note.**

In payee bank's action on note, maker's plea, alleging that bank was estopped from suing on note because of false representations by its officer which maker did not discover until 60 days after he received money on note, *held* insufficient as against demurrer, in that it failed to allege that defendant restored or offered to restore money to bank before attempting to avoid note for bank's fraud.

10. **Contracts ⊚⟿266(2).**

One seeking to disaffirm contract for fraud must return whatever he has received.

11. **Contracts ⊚⟿273.**

One seeking to disaffirm contract cannot retain such part of contract as may be desirable on his part and avoid residue, but must rescind in toto, if at all, and this rule prevails in courts of law as well as equity.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the Fourth National Bank of Montgomery against J. A. Thompson. Judgment for plaintiff, and defendant appeals. Affirmed.

Rushton, Crenshaw & Rushton, Hill, Hill, Whiting, Thomas & Rives, and Ludlow Elmore, all of Montgomery, for appellant.

As between the parties, the maker of a negotiable promissory note may plead any defense available if the note had not been negotiable. Weinstein v. Citizens' Bank, 69 So. 972, 13 Ala. App. 552; Stone v. Goldberg, 60 So. 744, 6 Ala. App. 249; Code 1923, § 9084. A party induced to enter into a contract by misrepresentation is not compelled to rescind and restore the consideration; he may set up his damages by way of counterclaim, if sued on the contract by the other party. 13 C. J. 395. A contract or negotiable instrument is incomplete until delivery. Horn v. Nicholas, 201 S. W. 756, 139 Tenn. 453; Benton v. Martin, 52 N. Y. 570; Palmer v. Poor, 22 N. E. 984, 121 Ind. 135, 6 L. R. A. 469. A note may be delivered to the payee with conditional reservation of liability, which, as between the parties, is effective. Code 1923, § 9044; Norwood v. Stinnett, 80 So. 431, 202 Ala. 349; Bank of Tallassee v. Jordan, 75 So. 930, 200 Ala. 182; Haas v. Commerce Trust Co., 69 So. 894, 194 Ala. 672; Stone v. Lewis, 60 So. 744, 6 Ala. App. 250; Jeff. County Sav. Bank v. Compton, 68 So. 261, 192 Ala. 16; Bank of Cartersville v. Gunter, 58 So. 757, 4 Ala. App. 539; 8 C. J. 206; 3 R. C. L. 863; Joyce, Def. Com. Paper, § 1016; Cochran v. Burdick Bros., 61 So. 29, 7 Ala. App. 274; Brannan, Neg. Inst. Law, 61. A pledgee is liable for loss to the pledgor by its negligence in handling collateral, and the pledgor may set off any damages sustained by reason of such negligence. Joyce, §§ 559, 871; Foster v. Bush, 16 So. 625, 104 Ala. 662; Steckbauer v. Leykom, 110 N. W. 217, 130 Wis. 438; Skud v. Tillinghast, 195 F. 1, 115 C. C. A. 83. A bank is liable for the value of collateral securities converted by or lost through the negligence of its officers. Tatum v. Bank, 69 So.

508, 193 Ala. 120, L. R. A. 1916C, 767; Donnell v. Wyckoff, 7 A. 672, 49 N. J. Law, 48.

Weil, Stakely & Vardaman and Steiner, Crum & Weil, all of Montgomery, for appellee.

Defendant cannot retain the proceeds of the note and at the same time say that the note is not in full force and effect. The pleas do not negative receipt and retention of the proceeds of the note by defendant. Davis v. Betz, 66 Ala. 209; Norwood v. Stinnett, 80 So. 431, 202 Ala. 349; Parker v. Bond, 25 So. 898, 121 Ala. 529; Ansley v. Bank of Piedmont, 21 So. 59, 113 Ala. 467, 59 Am. St. Rep. 122. Nor is it shown that defendant owned the collateral, or that plaintiff agreed to exhaust the collateral before holding defendant personally. 31 Cyc. 787, 868. In order for a misrepresentation to be actionable, it must be the misrepresentation of a material fact and damage must result therefrom. Rice v. Gilbreath, 24 So. 421, 119 Ala. 424; Wall v. Graham, 68 So. 298, 192 Ala. 396. There must be allegation that the misrepresentation was relied upon. Jordan & Sons v. Pickett, 78 Ala. 331; 26 C. J. 1140; Moses v. Katzenberger, 4 So. 237, 84 Ala. 95. It was necessary that the name of the officer making the misrepresentation be alleged. Montgomery v. Chemical Nat. Bank, 96 So. 898, 209 Ala. 585. Payment of a note, payable absolutely and unconditionally, cannot be defeated by proof of a parol agreement that it should be discharged in a particular way. Lakeside Land Co. v. Dromgoole, 7 So. 444, 89 Ala. 505; Collins v. Seay, 35 Ala. 347; Johnson v. Washburn, 13 So. 48, 98 Ala. 258. A set-off, to be available, must be owned by defendant in absolute right at the time suit is brought. Jones v. Blair, 57 Ala. 457; Gibbony v. Wayne, 37 So. 436, 141 Ala. 300.

MILLER, J. This is a suit by the Fourth National Bank of Montgomery, a corporation, against J. A. Thompson on a promissory note for $45,000, made by him solely to this bank, payable on demand, with interest thereon, waiving exemptions as to personal property and agreeing to pay a reasonable attorney's fee if it was incurred in its collection, and this is claimed in the complaint. There is only one count in the complaint. A copy of the note sued on is attached to the complaint, referred to therein as an exhibit, and is made thereby a part thereof. The defendant filed 26 special pleas to the complaint. Demurrers of plaintiff, containing about 97 grounds, to each plea were sustained by the court. The defendant refused to file any further pleas. The jury returned a verdict for $50,820 in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

This promissory note is in the ordinary form, with collateral agreements, among which appear the following:

"To secure the prompt payment of this note or any other liability or liabilities of the undersigned to said bank whether now existing or hereafter contracted, now due or hereafter to become due I hereby transfer and deliver to the said bank with full title thereto 450 bales of cotton the average grade of which is not below middling, and the average weight of which is not below 500 pounds per bale, stored in compresses or under B/L warehouse as per receipts therefor herewith delivered to said bank, and valued at $55,000.00."

This note also contains the following representation and covenant therein by the defendant:

"And we represent unto said bank and covenant that I have full power to dispose of said cotton as aforesaid, and that the same is not incumbered nor affected in any way whatever by which the right and title of said bank can be altered, defeated or impaired."

The note in this suit between the plaintiff, the original payee, and the defendant, the maker, is subject to the same defenses as if it were nonnegotiable. Section 9084, Code 1923. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. Section 9052, Code 1923.

[1] Pleas numbered 1 and lettered "d" and "j" set up that the note was signed by defendant, but was not to be delivered to the plaintiff until the Hall-Beale Company placed with the plaintiff securities representing 450 bales of cotton as collateral to secure the note; and this collateral security was never deposited with the plaintiff. It is true, under the statute (section 9044, Code 1923), every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. And as between the immediate parties, the delivery, in order to be effectual, must be made either by or under the authority of the party making it, and in such case the delivery may be shown to have been conditional. But these pleas fail to allege plaintiff had not performed its part of the contract by delivering to the defendant the $45,000, the consideration of the note. The defendant cannot avoid the contract by setting up a breach of a condition as to its delivery and retain the $45,000 received by him from the plaintiff by virtue of the contract. These pleas are defective and insufficient because the defendant fails in each to allege, either that he did not receive the consideration, $45,000, mentioned in the contract from the plaintiff, or that he has returned to the plaintiff this amount of money. If defendant received the consideration mentioned in the contract from plaintiff, he should restore or offer to restore it before attempting to avoid the contract, because it was delivered contrary to a condition. Norwood v. Stinnett,

80 So. 431, 202 Ala. 349; Parker v. Bond, 25 So. 898, 121 Ala. 529; 21 C. J. p. 1209, § 211.

[2] There is no agreement between the parties alleged in either plea that upon nonpayment of the note the plaintiff was obligated to exhaust the collateral first before holding Thompson personally responsible on the note. As specially applicable, we find this text in 31 Cyc. 868, B—1:

"In the absence of a special agreement, the pledgee is under no obligation to surrender or enforce collaterals held by him before suing on the principal obligation."

These defects and probably others appear in these pleas, 1, "d" and "j": these defects named were pointed out by the demurrers, and the court properly sustained the demurrers to each of the pleas.

[3] Pleas (2) (a), 3, 4, and C aver plaintiff converted to its own use or the use of another collateral securities representing 450 bales of cotton, to the damage of defendant, which defendant offers as a set-off or recoupment against the demand of plaintiff. In 31 Cyc. 869, b, we find the following general text:

"As a general rule the pledgor is entitled to set-off against the amount of the debt any profits or proceeds realized by the pledgee from the collateral and any loss resulting from the negligence, wrongful sale of, or other wrongful act of the pledgee in regard to the collateral,"

—which is supported in part by Tatum v. Commercial Bank & Trust Co., 69 So. 508, 193 Ala. 120, headnote 5, L. R. A. 1916C, 767. But these pleas are each insufficient. Neither avers that the securities converted were the property of the defendant. There is no averment in either plea showing the cotton when converted by the plaintiff was the property of the defendant and was held by plaintiff as collateral security for this note when converted. The cotton under these pleas, when converted by plaintiff, may have been held by the plaintiff as collateral security for debts of others, and not for the debt evidenced by the note of the defendant. It appears that Hall-Beale Company was the pledgor and owned the collateral and not defendant. Nor do these pleas aver the loan was in fact made to the Hall-Beale Company, and not to the defendant. Hence the court did not err in sustaining the demurrers of plaintiff to each of these pleas. Form 26, § 9531, Code 1923; Tatum v. Commercial Bank & Trust Co., 69 So. 508, 193 Ala. 120, h. n. 5, L. R. A. 1916C, 767, and authorities supra.

[4] Pleas 5, 6, 7, and 8 are insufficient and defective because they fail to show any injury could result to defendant from the false representations or breach of the agreement by plaintiff. They fail to allege any facts showing a special agreement by plaintiff to enforce collection out of the collaterals before holding defendant liable on the principal obligation, and the facts alleged show no title or interest of defendant in the collaterals, and no damage under the agreement for breach of the contract by plaintiff could result to .the defendant. "Fraud and damage must concur, and neither unaccompanied by the other, is a ground of defense." Rice v. Gilbreath, 24 So. 421, 119 Ala. 424, and authorities supra.

[5] In pleas "a" and "b," defendant seeks damages for having been induced to enter into the contract evidenced by the note by false and fraudulent representations made by the president of the Hall-Beale Company and by the vice president of plaintiff. Each plea sufficiently names the officer of the plaintiff and of the Hall-Beale Company, who made the representations. It states the vice president of plaintiff, the officer who had charge of making said loan, made the representation, and the president of the Hall-Beale Company made the representation. They are sufficiently identified by the plea. Pinkston v. Boykin, 30 So. 398, 130 Ala. 483; Montgomery v. Chemical Nat. Bank, 96 So. 898, 209 Ala. 585. This plea alleges the Hall-Beale Company prior to the execution of the note owed defendant about $45,000. It was secured by some paper collaterals. Defendant was pressing for its collection. Hall-Beale Company could not borrow money direct from plaintiff, but could do so through defendant. Hall-Beale Company agreed with defendant to place to his account with plaintiff securities representing 450 bales of cotton to be held by the plaintiff for account of defendant, and as collateral security for this note sued on, which was to be given by the defendant to plaintiff. The defendant signed the note sued on, delivered it with the paper collateral which he held as aforesaid, to the president of Hall-Beale Company with the understanding that the note was to be delivered by him to plaintiff when he placed securities representing 450 bales of cotton to defendant's account at plaintiff's bank to be held by plaintiff as collateral security for the note. The defendant informed the vice president of the plaintiff of this agreement with Hall-Beale Company before the note was delivered to plaintiff and before defendant received the money for said note, and this official of plaintiff was instructed by defendant before plaintiff received this note and paid the money thereon not to close up the transaction unless Hall-Beale Company left with it securities representing 450 bales of cotton for the account of the defendant, and to be held by plaintiff as collateral security for said note. This officer of plaintiff then and there informed the defendant that said Hall-Beale Company had already left with plaintiff said securities representing 450 bales of cotton for the account of the defendant to be held as collateral security for said note. This plea alleged the defendant relied on said statements, and he discovered afterwards there was not left with plaintiff by Hall-Beale Company said securities for ac-

count of defendant as represented to defendant; and in plea "a" claims that he was damaged on account thereof to the value of the cotton in the sum of $55,000, which he offers to set off against plaintiff's demand; and in plea "h" claims he was damaged in the value of the securities delivered to Hall-Beale Company.

Plea "h" also avers the collateral surrendered by defendant to Hall-Beale Company was warehouse and compress cotton receipts for 393 bales of cotton of the value of, to wit, $50,000; and plea "h" also avers the damage sustained by defendant to be the value of the receipts for 393 bales of cotton collateral surrendered by him to Hall-Beale Company.

[6] In 13 Corpus Juris, § 304, we find this general rule, which is sustained by the authorities, and which is applicable to some of these pleas:

"When a party has been induced to enter into a contract by false and fraudulent representations, he has several remedies. He may affirm the contract, keeping what he has received under it, and maintain an action to recover the damages which he has sustained by reason of the fraud, or he may set up such damages as a defense or by way of counterclaim, if sued on the contract by the other party."

See, also, Denny v. J. B. Colt Co., 97 So. 825, 210 Ala. 318.

This principle must be remembered in passing on the sufficiency of many of these pleas, which is found in Rice v. Gilbreath, 24 So. 421, 119 Ala. 426:

"To constitute this a good defense, however, not only must the representation be of a fact material to the subject-matter of the contract, but it must also have resulted in injury to the buyer. Fraud and damage must concur and neither unaccompanied by the other, is a ground of defense."

[7] The facts alleged in these pleas, "a" and "h," show no injury to the defendant's rights and no damage sustained by him. It appears from them that Hall-Beale Company was the pledgor and not the defendant. The collateral pledged or to be pledged was to be held by plaintiff as security for the $45,000 debt due it by defendant, and the note of defendant was held by the bank as security also for this debt. There was no special agreement alleged in either plea that upon nonpayment of the note the bank was obligated to exhaust the collaterals first in securing payment in whole or in part of the note before holding defendant personally responsible on the note. When the note is paid, the collateral would belong to the pledgor, Hall-Beale Company, and not to the defendant. So whether the representations and statements by the president of Hall-Beale Company and the vice president of plaintiff to the defendant were true or false would not affect the liability or responsibility of the defendant on the note and give him no cross right of action against

the plaintiff, as he could not be damaged thereby. Whether the collateral was placed with the bank or not as security for the note, whether this collateral to be or that was placed with the bank as security for this note was worthless, valuable, or forged, could not affect the liability of the defendant on the note, and could give him no right of action for damages, because he could sustain no damages thereby. He was not the pledgor; he neither owned the collateral nor had any interest therein. They belonged to another. And defendant had no special agreement with plaintiff that the collateral must be collected and placed on the note as credit or in payment, if sufficient, before suing him and making him liable on the note. He received the $45,000 for which he became responsible and gave the note. Hall-Beale Company deposited the collateral as security for the note. It owned the collateral. The defendant had no interest in it and no rights in regard to it. It results from the foregoing, and probably other reasons, the court did not err in sustaining demurrers to pleas "a" and "h."

[8] Plea "f" is fatally defective, and demurrers were properly sustained to it. It claims not to be indebted to plaintiff on the note because plaintiff has received from proceeds of collateral placed with it by Hall-Beale Company an amount sufficient to pay this note; but it appears on the face of the plea that the proceeds were received by the bank from securities which had been deposited by the Hall-Beale Company to secure other debts due the plaintiff by the Hall-Beale Company. The plea shows no right in this defendant to have the proceeds of that collateral credited on this note given by him.

[9-11] Plea "b" is the same as plea "a," except it avers defendant relied on said representations of plaintiff's vice president, did not know they were false until 60 days after they were made and after he had obtained from plaintiff the money on the note; and instead of claiming damages therefor, he claims and asserts that plaintiff is estopped from maintaining this suit. This plea is in bar of the action. It does not affirm it and set up damages for the fraud to set off plaintiff's demand. It is insufficient and subject to the demurrers, as it shows on its face that he received the money for which the note was made, and it does not aver that he restored it to the plaintiff or offered to so restore it before attempting to avoid it for fraud of plaintiff. Authorities supra. This court has established this rule appearing in Birmingham Ry., L. & P. Co. v. Jordan, 54 So. 280, 282, 170 Ala. 537, which is applicable to this and some of the other pleas in this case:

"The person who would disaffirm a fraudulent contract must return whatever he has received under it. This is on a plain and just principle. He cannot hold onto such part of the contract as may be desirable on his part and avoid the residue, but must rescind in toto,

if at all. Stephenson v. Allison, 26 So. 290 123 Ala. 439. This rule prevails in courts of law as well as equity, and applies to releases like the one in question."

The other special pleas not herein mentioned are condemned by the principles and rules of law herein declared. A separate discussion of each is unnecessary. However, this court has read each in consultation and discussed and considered them, and finds and holds that each is subject to some of the grounds of the demurrers assigned to them. We have not considered and passed on all grounds of demurrers assigned to any of the pleas, specially mentioned. They may be each subject to other grounds of demurrer not discussed or passed on in this opinion. We find and hold that each of the 26 special pleas is demurrable and insufficient and subject to the grounds of demurrer mentioned, and to probably other grounds of demurrer not discussed. The judgment is free from error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.