(121 So. 733)

## DAVENPORT & HARRIS UNDERTAKING CO. v. ROBERSON. (6 Div. 302.)

Supreme Court of Alabama. April 11, 1929.

Roy H. Manly, of Birmingham, for appellant.

Charlton & Charlton, of Birmingham, for appellee.

FOSTER, J. ■ It is well understood that under section 9044 of the Code it may be shown in defense of a suit on a promissory note that there was an agreement between the maker and payee that it should not become effective, though placed in the care of the payee, until it was signed by certain other specified persons. Somerall v. Citizens' Bank, 211 Ala. 630, 101 So. 429; Thompson v. Fourth National Bank, 214 Ala. 452, 108 So. 69; .8 C. J. 205 et seq.; Norwood v. Stinnett, 202 Ala. 349, 80 So. 431; Bank of Tallassee v. Jordan, 200 Ala. 182, 76 So. 930.

■ We think, however, that the evidence was not sufficient to carry this question to the jury, that appellant was entitled to the affirmative charge, and that evidence which was admitted was subject to appellant's objection. It is the following statement of appellee as a witness which is supposed to create this conditional delivery: "It was the understanding before the delivery of the note that the son and niece of the dead man were to come in and sign the note." The note was given for the coffin and undertaker's attention to a dead body at the instance of defendant, and was given at the time of obtaining the coffin and rendition of the service, and on his promise, which was agreeable to appellant, that the son and niece would later come in and sign it. The statement is in no sense a condition or stated in such form that a condition may be fairly inferred, but is rather a covenant for additional security. The court charged the jury that, if the note was conditionally delivered, and the condition was not complied with, such would be a legal defense. The statement of law was certainly correct, but the evidence did not justify, we think, a submission of the question to the jury.

In response to an inquiry by his counsel, defendant, as a witness, also testified, in connection with the note and its execution and delivery, as follows: "I told Harris out of the estate (of the deceased) the burial would be paid first, and I said, 'If the estate don't pay the burial I will see you get it.' I said, 'The estate has been recorded in the probate court that his burial must be paid first,' and I said, 'I will see you get your money through the order of the court.' * * * The estate has not been closed. I told him all along as soon as the decision was made he would get his money." The note by its terms was due in 30 days, and the account has been filed as a claim against the estate, but not paid in any part.

Upon this evidence the court submitted to the jury for decision as a defense the question of whether the note was delivered upon condition "that defendant was not to be liable on the note until the plaintiff's remedies against the estate of the deceased were ex-hausted." We think that such evidence was not sufficient to justify a submission to the jury of the existence of the condition mentioned in the charge we have quoted. Section 9044 of the Code has no reference to such a condition even if proven. Evidence of a condition of that nature would create a condition subsequent in respect to the payment of the note, rather than one attaching to its delivery as affecting the completion of its execution. 20 A. L. R. 454 et seq.

The purpose of section 9044 seems to be to provide that the payee of a note may, by verbal agreement, be designated as the custodian of it, and that it may be retained by him, not as a completed instrument, until the condition named is fulfilled, when it thereby becomes completely executed. This could not be done without the statute. Garner v. Fite, 93 Ala. 405, 9 So. 367. We think this interpretation is consistent with the construction heretofore placed on this statute. In the case of Norwood v. Stinnett, supra, the note was placed in the hands of the payee, but was not to be complete until the maker determined whether he would accept a certain policy of insurance. In Bank of Tallassee v. Jordan, supra, the note was placed with the payee, not to be effective until all the other stockholders of the payee bank should pay to the bank a sum equally proportionate to their respective holdings in the bank. The note was held to be ineffectual, as between the parties, until the occurrence of the condition. Stone v. Goldberg & Lewis, 6 Ala. App. 249, 60 So. 744; Bank of Cartersville v. Gunter, 4 Ala. App. 539, 58 So. 757.

Indeed, the language of the statute shows that the condition mentioned is a condition to "transferring the property in the instrument." We think that the condition named in the statute cannot be construed as a condition to the payment of the money contrary to the terms of the note, after the note is completely executed and delivered for the purpose of "transferring the property" therein to the payee. When a note is so completely executed and delivered, it must be given effect according to its tenor. It is shown in 4 Jones on Evidence (3d Ed.) p. 3018, that the condition mentioned in this enactment, which is a part of the Uniform Negotiable Instruments Law, goes to the *delivery* of the note, and if the attempt is to attach to the note a condition to the *payment* not expressed in it, the note having become legally effective, the effect is to add a condition subsequent, and not authorized by the enactment referred to.

■ We think it is clear that, if not authorized by the statute, the evidence we are now considering is illegal for any purpose. It is quite true that a note may by parol be shown to be an accommodation instrument. But such evidence does not effect to change its tenor. Section 9055, Code. This means that the note may be shown to be given as security for a debt primarily owing by another

party. In such event, the debt of such principal debtor, not exceeding the amount of the note, measures the liability of the accommodating party (surety). 8 C. J. 265. The effect of the evidence in this case, when considered in its most favorable aspect for appellee, is to make the note technically a "guaranty;" rather than a "surety." The difference is well known. A surety is bound with his principal as an original promisor; a guarantor is only bound if and when the creditor is unable to collect from the principal debtor. The surety may be sued with the principal; the guarantor may not be. Saint v. Wheeler & Wilson Mfg. Co., 95 Ala. 362, 10 So. 539, 36 Am. St. Rep. 210; Watkins Med. Co. v. Lovelady, 186 Ala. 414, 65 So. 52. It would not violate any rule to show by parol that a note was given as surety for a debt of a third person as principal debtor, but it was held very early in our judicial history that it was not available to the maker of a note to prove by parol that the note was not to be paid until the payee had "used all proper and lawful means to collect the same" from the principal debtor. Cowles v. Townsend & Milliken, 31 Ala. 133 (by Stone, J.). It was said that "a more palpable attempt to vary, by parol, the terms of a written contract, cannot be presented." When a note is payable by its terms at a definite time, it cannot be shown by a parol agreement that it is payable upon the happening of a contingency not recited in it. West & West v. Kelly, 19 Ala. 353, 54 Am. Dec. 192; Walker v. Clay, 21 Ala. 797; Gliddens v. Harrison, 59 Ala. 481; Rice v. Gilbreath, 119 Ala. 424, 24 So. 421; note, 20 A. L. R. 454, 471; 4 Jones on Evidence (3d Ed.) § 1640, p. 3004; Lakeside Land Co. v. Dromgoole, 89 Ala. 505, 7 So. 444; Garner v. Fite, supra.

On account of the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.