5 So.2d 484

### INTERSTATE ELECTRIC CO. v. RUSSELL et al.

#### 4 Div. 210.

Supreme Court of Alabama.

Dec. 18, 1941.

Rehearing Denied Jan. 22, 1942.

R. H. Jones and A. Whaley, both of Andalusia, for appellant.

Edw. F. Reid, of Andalusia, for appellee Timmerman.

Powell, Albritton & Albritton, of Andalusia, for appellee Russell.

FOSTER, Justice.

This is a suit on a series of promissory notes, alleged to have been executed by appellees, Timmerman and Russell.

Russell filed a plea of discharge in bankruptcy, whereupon the court ordered

the suit abated as to him, and after the evidence was concluded gave the affirmative charge for him. Appellant assigns as error the giving of this charge on the ground that the plea did not justify it, and because the suit had been abated as to him. Notwithstanding the order abating the suit as to him, the cause was tried as though this had not occurred. The discharge in bankruptcy was proven, and there was nothing to counteract its legal effect. The plea of discharge did not purport to be in abatement, and it was not so in substance.

There was no prejudicial error in respect to appellee Russell.

As to Timmerman the cause was tried on pleas 1 and 17, with a jury and verdict for defendant, which includes both defendants. Plea 1 was the general issue. Plea 17 was a special plea setting up a conditional delivery of the notes to plaintiff's agent, and alleging that the condition was never complied with. Another plea, also numbered one, appears of no consideration for the notes. But no evidence was offered by defendant to sustain that plea if it was thought to remain as an issue in the case.

The main controversy was tried on plea 17. But a demurrer was addressed to it by plaintiff on the ground, among others, that it is a plea in the nature of non est factum and is not verified. The same question was also raised by a motion to exclude the testimony of Timmerman on the same ground.

 The plea does not appear to be verified. If it is a plea which in substance denies the execution of the notes sued on, it must be verified by affidavit. Code of 1940, Title 7, section 226; Ib. section 375. And if so required, the plea not so verified is subject to demurrer for the failure. Alabama Gr. So. R. R. Co. v. Loveman, 196 Ala. 683, 72 So. 311; Milligan v. Pollard, 112 Ala. 465, 20 So. 620.

When there is a conditional delivery, even to the payee himself, as authorized by the Negotiable Instruments Law, Code of 1940, Title 39, section 20, the note is not completely executed, as delivery is essential to its execution. A plea therefore which sets up such conditional delivery, and that the condition was never complied with, is one which denies the execution of the note, and must be verified by affidavit. Dexter v. Ohlander, 89 Ala. 262, 7 So. 115; Campbell v. Larmore, 84 Ala. 499, 4 So. 593; Lazarus v. Shearer, 2 Ala. 718. Compare,

O'Neal v. Turner, 230 Ala. 24, 29 (7 and 8), 158 So. 801; 11 Corpus Juris Secundum, Bills and Notes, p. 25, § 648.

The cases of ours which declare that such conditional delivery may be shown do not refer to the nature of plea necessary to make the defense available. Davenport & Harris Co. v. Roberson, 219 Ala. 203, 121 So. 733; Norwood v. Stinnett, 202 Ala. 349, 80 So. 431; Bank of Tallassee v. Jordan, 200 Ala. 182, 75 So. 930.

The demurrer to plea 17 should have been sustained on the ground that it was not verified. The ruling was only prejudicial as to Timmerman, and there is no reversible error as to Russell. When a decision of the case as to one party is not affected by the judgment as to the other, a judgment may be reversed as to one and affirmed as to the other. City of Tuscaloosa v. Fair, 232 Ala. 129(22), 167 So. 276. So here the judgment is affirmed as to appellee Russell, and reversed and remanded as to Timmerman.

Affirmed as to Russell.

Reversed and remanded as to Timmerman.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.