Kay J. LARSEN, Plaintiff and Respondent,

v.

Judy LARSEN (Thomas), Defendant and Appellant.

No. 18198.

Supreme Court of Utah.

Jan. 21, 1983.

Phillip A. Harding, Salt Lake City, for defendant and appellant.

D. Kendall Perkins, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a district court judgment awarding appellant child support arrearages. Appellant alleges error in the computation giving respondent credit for

payments previously made, based upon application of the statute of limitations.

The parties were divorced in 1967. Appellant was given custody of their two children and respondent was ordered to pay child support of $50 per child per month.[1] On May 26, 1981, appellant filed two separate orders to show cause: (1) "In re Contempt," whereby appellant sought to recover for child support arrearages; and (2) "In re Modification of Divorce Decree," whereby appellant sought an increase in the amount of support and an extension thereof until completion of the children's high school education.[2]

On July 9, 1981, by minute entry, the court ruled on the order to show cause brought to recover support arrearages. Appellant objected to the computations and, subsequently, memoranda were filed. On October 12, 1981, the court signed a formal judgment prepared by appellant; however, the judgment was not immediately filed. Appellant sent a copy of the judgment to respondent, asking if there were any objections as to form. Apparently, respondent did object to the inclusion of prejudgment interest and, hence, prepared an identical judgment, except that all reference to prejudgment interest was omitted. This judgment was signed by the court on November 17, 1981, and filed on November 18, 1981. Subsequently, on December 1, 1981, the judgment prepared by appellant and signed by the court on October 12, 1981, was filed. Appellant filed her notice of appeal on January 4, 1982.

This appeal was not timely filed in accordance with our rules. Rule 73(a), Utah Rules of Civil Procedure, requires the filing of a notice of appeal within one month from the entry of the judgment. A signed judgment was filed on November 18, 1981, which started the running of the time for appeal. The subsequent filing of the judgment on December 1, 1981, was ineffective to extend the time for filing an appeal.

Both parties had only until December 18, 1981, to appeal the judgment entered in the district court. Since appellant's notice of appeal was not filed until January 4, 1982, we do not have jurisdiction to hear this case.[3] The appeal is therefore dismissed.

*So ordered.* No costs awarded.

1. Respondent was also ordered to pay alimony of $150 per month, which obligation was removed when appellant remarried in 1971.

2. By minute entry on October 7, 1981, the court ruled on this latter order to show cause by increasing support to $75 per child per month.

A formal order was signed by the court and filed on December 1, 1981. This order is not appealed.

3. *Anderson v. Anderson,* 3 Utah 2d 277, 282 P.2d 845 (1955).