**Kay J. LARSEN, Plaintiff and Respondent,**

v.

**Judy LARSEN (Thomas), Defendant and Appellant.**

**No. 18198.**

Supreme Court of Utah.

Nov. 17, 1983.

Phillip A. Harding, Salt Lake City, for defendant and appellant.

D. Kendall Perkins, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The appellant challenges the amount of a judgment awarding her child support arrearages. She alleges error in the computation of credits to the respondent for payments previously made. We earlier dismissed this appeal for lack of jurisdiction. *Larsen v. Larsen*, Utah, 657 P.2d 1350 (1983). We subsequently granted the appellant's petition for rehearing to reconsider whether we have jurisdiction.

The confusion in the case arises from the existence of two judgments signed and entered by the district court. On October 12, 1981, the court signed a formal judgment (hereafter the "first judgment") prepared by the appellant. The appellant sent a copy to the respondent for his approval as to form, apparently after the court had already signed the judgment. The certificate of mailing at the end of the judgment, which is the only proof of service in the record, showed that it was mailed to the respondent the same day it was signed. This first judgment was not entered by the clerk of the court until December 1, 1981.

The respondent objected to the inclusion of prejudgment interest in the first judgment. He therefore prepared a second judgment (hereafter the "second judgment"), which was identical except for the omission of all reference to prejudgment interest. This second judgment was signed by the court on November 17, 1981. The respondent contends in his briefs before this Court that this second judgment was submitted to the appellant for her approval before it was submitted to the court. Again, however, the certificate of mailing at the end of the order, which is the only information of record in this appeal, shows that it was sent to the appellant the same day that it was signed by the court. This second judgment was filed on November 18, 1981, and it does not appear that any notice

of its signing or entry was given appellant or her counsel.[1]

In her petition for rehearing, the appellant argues that this Court has jurisdiction over her appeal because it was filed within one month of the entry of the first judgment, which occurred on December 1. Respondent contends that since the second judgment was "entered" first, on November 18, it was the final judgment for purposes of appeal, and appellant missed the filing deadline.

Rule 2.9(b) of the District and Circuit Court Rules of Practice requires that copies of a proposed judgment be served on opposing counsel before being presented to the court. In *Bigelow v. Ingersoll,* Utah, 618 P.2d 50 (1980), we held that "compliance with Rule 2.9(b) is necessary in order that a judgment be properly 'filed' as that term is used in Rule 58A(c), U.R.C.P." *Id.* at p. 52. The mailing certificate on both judgments in this case indicates that the parties mailed their respective judgments to their opponents on the same day that the district court judge signed them. Thus, the record shows that both parties failed to comply with Rule 2.9(b) by serving copies of their proposed judgment on their opponents before presenting them to the court for execution. We therefore hold that neither judgment has been "filed" as that term is used in Utah Rule of Civil Procedure 58A(c) for purposes of taking a proper appeal. *Bigelow v. Ingersoll, supra.* We note that under the current state of the record it is impossible for this Court even to ascertain which of the two different judgments reflects the final ruling of the trial court; the first judgment was entered last, and the last judgment was entered first. Because no judgment has been "filed" within the meaning of the Rule, this appeal is premature. Rules 58A(c) and 72(a), U.R.C.P.

This appeal is dismissed and the case remanded to the district court for a proper filing of a judgment in compliance with Rule 2.9, from which a timely appeal may be taken if the appropriate party so desires.

HALL, C.J., and OAKS, STEWART and HOWE, JJ., concur.

---

1. Such notice is not required by the Utah Rules of Civil Procedure. We note, however, that Rule 4.5(a) of the 1983 Replacement Rules of Practice in the District Courts and Circuit Courts of the State of Utah now requires such notice.