This is an action by the holder of a check seeking to enforce payment of the check against the drawer.
Holder, Participating Parts Associates, Inc., brought an action in circuit court against the drawer, William L. Pylant, Jr., to enforce payment of a check in the amount of $5,000 after defendant stopped payment on it. There was judgment for the defendant, and plaintiff filed a motion for a new trial. This motion was denied and plaintiff appeals.
Mr. Brannon became the owner of Participating Parts after buying the company from the defendant and several others. Defendant was retained as an employee of Participating Parts. According to defendant's testimony Brannon directed him to sell Participating Parts and agreed to pay defendant $5,000 for his services. Defendant alleges that he and Brannon later made an agreement that he would be reimbursed in miscellaneous automobile parts equivalent in value to $5,000 after it became clear that Participating Parts was failing. There was also an agreement that defendant and Mr. Peacock, a stockholder of Participating Parts, buy $10,000 worth of automobile parts for $5,000. The value of the merchandise under both agreements was equivalent to the actual cost price less a sixty percent discount. *Page 1301 
Defendant and Mr. Peacock began pulling merchandise from Participating Parts, pursuant to the above agreements. Defendant attempted to get enough merchandise to cover his $5,000 commission and the agreement with Mr. Brannon to purchase $10,000 worth of merchandise. However, Mr. Brannon stopped defendant and Mr. Peacock shortly after they began taking parts, indicating that he felt that they had taken enough parts. Defendant disagreed, stating that he did not even have enough parts to cover his commission, but offered to write a check for $5,000 to cover the agreement to purchase $10,000 worth of parts.
On the face of the check issued to plaintiff appear the words "For $10,000.00 Distressed Mdse to be totalled 4/17/83." Defendant asserts that this notation was made to acknowledge the understanding between Mr. Brannon, owner of Participating Parts, and defendant that the check was not to be negotiated by Mr. Brannon until the merchandise was totaled, and only if the total value of the merchandise taken by defendant exceeded the $5,000 owed defendant by plaintiff. The trial court found for the defendant.
A trial court's findings will not be overturned unless the judgment is plainly and palpably wrong. Mobile Dodge, Inc. v.Waters, 404 So.2d 26 (Ala. 1981); Everett v. Lister,25 Ala. App. 231, 144 So. 119 (Ala.Ct.App. 1932). Furthermore, a trial court's denial of a motion for a new trial strengthens the presumption of the correctness of the judgment. Osborne v.Cobb, 410 So.2d 396 (Ala. 1982).
Plaintiff argues on appeal that he is a holder of a negotiable instrument, which entitles him to recover from defendant under section 7-3-413, Code 1975, upon dishonor and notice of dishonor of the check. See also § 7-3-507 (2), Code 1975, which provides that the holder has an immediate right of recourse against the drawer upon notice of dishonor.
In order for a writing to be a negotiable instrument so that the protections under the Uniform Commercial Code, §§ 7-3-101
to -805, Code 1975, will apply, the writing must "[c]ontain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the . . . drawer. . . ." § 7-3-104 (1)(b), Code 1975. "Negotiability is determined from the face, the four-corners, of the instrument without reference to extrinsic facts." Holsonback v.First State Bank, 394 So.2d 381 (Ala.Civ.App. 1981); see also §7-3-105, Code 1975. Relying on the case cited above, plaintiff contends that the instrument in question is unconditional because the check is not expressly conditioned on its face, but requires reference to extrinsic facts to show the alleged conditions to payment. However, plaintiff failed to object to defendant's testimony concerning the circumstances under which the check was issued. Where no objection has been made to the admission of parol evidence at trial, the evidence is not subject to question on appeal. State ex rel. Elmore v. Leveson,207 Ala. 638, 93 So. 608 (1922). Therefore, the trial court is authorized to consider evidence other than the check in determining whether the check was an unconditional promise to pay a certain sum of money.
Under section 7-3-306, Code 1975, one who is a holder of a negotiable instrument takes the instrument subject to:
 "(a) All valid claims to it on the part of any person; and
 "(b) All defenses of any party which would be available in an action on a simple contract; and
 "(c) The defenses of want or failure of consideration, nonperformance of any condition precedent, nondelivery, or delivery for a special purpose. . . ."
Defendant stopped payment on the check until the merchandise he had taken from Participating Parts could be totaled. He testified that the parts he took from Participating Parts totaled less than $5,000, thus the check never became effective and his duty to pay never arose. § 7-3-306, Code 1975. The trial court's conclusion that the payment of the check was conditioned *Page 1302 
on the above agreement is sufficiently supported by the evidence and is not clearly erroneous.
Even if the trial court were to determine that this instrument was a promissory note, evidence may be introduced as to an agreement between the original parties to the note that liability was conditional and that delivery of the note was not effective until the happening of some agreed-upon event.Pointer v. Farmers' Fertilizer Co., 230 Ala. 87, 160 So. 252
(1935); Davenport Harris Undertaking Co. v. Roberson,219 Ala. 203, 121 So. 733 (1929); Norwood v. Stinnett, 202 Ala. 349,80 So. 431 (1918).
Parol evidence, however, may not be used to condition payment on a check which has already been effectively delivered and which appears unconditional on its face. However we are not concerned here with this principle because there is evidence in the record that the delivery of the check was conditional.
Whether there was a conditional delivery of the check to plaintiff is a question of fact and the trial court's conclusion on this issue will not be overturned unless it appears clearly erroneous. See e.g. Engelcke v. Stoehsler,273 Or. 937, 544 P.2d 582 (1975) (where it was held that parol evidence may be used to show that a check was not to be operative until the satisfaction of a condition precedent in a suit between the original parties). The trial court's judgment is supported by the evidence.
Plaintiff's allegations that defendant delivered the check with intent to defraud, entitling Participating Parts to recovery under section 6-5-285, Code 1975, presents a question of fact which the trial court concluded in favor of defendant. Such conclusion is not clearly erroneous.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.