706 P.2d 1063 (1985)
Mohammad S. RAHIMI, Plaintiff,
v.
BOARD OF REVIEW OF THE INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, Defendants.
No. 20594.
Supreme Court of Utah.
September 25, 1985.
Mohammad S. Rahimi, pro se.
K. Allan Zabel, Salt Lake City, for defendants.
PER CURIAM.
Plaintiff seeks judicial review of a decision of the Industrial Commission holding him ineligible for unemployment compensation benefits because he was discharged for disqualifying conduct.
Plaintiff, an Iranian national, was employed as an engineer technician with the Public Works Department of Salt Lake City. Beginning in early 1984, plaintiff began to have problems with his supervisor, Chuck Call. Most of the problems involved plaintiff's failure to meet deadlines on a city drainage plan. He indicated that he could complete the project on time only if he were promoted to drainage engineer. He was referred to counseling at the employer's expense in January and again in June 1984, after he was warned about insubordination toward his superiors. Plaintiff failed to keep most of his counseling appointments.
On July 16, 1984, plaintiff was summoned to Call's office and was told he had not been selected for the position of drainage engineer. He became very upset and said that he would call upon the wrath of God and that Call and his family would not return safely from their trip to Hawaii.[1] Call subsequently requested police protection and also notified his manager of the problems he had been having with plaintiff. The manager, Jerald Lyon, called in plaintiff and his union representative to discuss *1064 the situation. Plaintiff refused to discuss threat made to Call and proceeded to invoke the wrath of God on Lyon, saying he would be made blind. Lyon thereupon suspended plaintiff and requested that an investigation be conducted by Lyon's superior, Max Peterson. The investigation was conducted, and Peterson offered to continue plaintiff's employment if he would agree, inter alia, (1) to apologize to Call and Lyon and (2) to attend counseling. Although he did agree to other conditions, plaintiff refused to agree to these two. On July 29, 1984, Peterson met with plaintiff and his attorney, and plaintiff refused the option of resigning and was discharged.
A representative of the Department of Employment Security denied unemployment insurance benefits under U.C.A., 1953, § 35-4-5(b)(1) for the reason that plaintiff was discharged for just cause or for an act or omission in connection with employment which was deliberate, willful, or wanton and adverse to the employer's rightful interests. Following a rather lengthy hearing, this decision was affirmed by an administrative law judge, who entered extensive findings of fact and conclusions of law. The Board of Review of the Industrial Commission later affirmed the denial of benefits and adopted the findings and conclusions of the administrative law judge. By writ of review, plaintiff now seeks judicial review of the decision of the Board of Review.
Our standard of review in cases of this type is explicitly provided for by statute:
In any judicial proceeding under this section, the findings of the commission and the board of review as to the facts if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law.
U.C.A., 1953, § 35-4-10(i).
Before this Court, plaintiff argues that he did not threaten anyone and that he offered to apologize. Nevertheless, the testimony presented at the hearing before the administrative law judge supports the Commission's factual findings. Several witnesses testified that the threats were made and that plaintiff refused to apologize. With respect to these factual issues, the Board of Review specifically held:
If the threats made by the claimant to his supervisors were merely angry words spoken in haste but not really intended as a serious threat, then a reasonable person would readily apologize for having spoken the offending words. The claimant's refusal to apologize leads to the conclusion that the claimant's threats should be taken seriously and left the employer with no alternative but to discharge the claimant.
In his decision, the administrative law judge recited the administrative rule which specifies three essential factors for establishing fault in cases of discharge for just cause: culpability, knowledge, and control. In Kehl v. Board of Review, Utah, 700 P.2d 1129 (1985), we upheld the administrative rule as being within the limits of reasonableness and rationality. The only factor arguably at issue in the instant case is culpability. This involves consideration of "the wrongness of the conduct ... in context of the particular employment and how it affects the employer's rights." Kehl, supra, at 1134; see also Clearfield City v. Department of Employment Security, Utah, 663 P.2d 440 (1983). The administrative law judge summarized the effects of plaintiff's conduct upon his employment and the employer's rights as follows:
In the present case, the claimant refused to complete work assignments or attend a counseling program, made threatening remarks to supervisors, declined to leave the work area when ordered to do so by a superior, and would not accept recommendations offered for continuance of his employment. Such acts of insubordination were both deliberate and willful in the sense that they were volitional acts by an employee who had adequate knowledge of their possible consequences. The nature of these acts of misconduct were such as to have a serious effect in the claimant's employment and the employer's interests. They created considerable disharmony in the *1065 work place and disabled the employee from continued effectiveness in his position.
On the facts presented, and under the standards articulated by statute, rule, and case law, we believe there existed just cause for plaintiff's discharge. We do not review allegations contained in plaintiff's brief as to unfair work load and discrimination because of deficiencies in the record to support such claims.
Affirmed.
HOWE, J., concurs in the result.
NOTES
[1] Call testified that he felt personally threatened by plaintiff's statements in view of other discussions they had had about Iran and the idea that those who exact the punishments of God will go straight to heaven.