**Angelo CALFO, Plaintiff and Respondent,**

v.

**D.C. STEWART CO., Clara J. DeGraff, dba C.J. Realty and Roland Vance, Defendants and Appellants.**

No. 19309.

Supreme Court of Utah.

March 28, 1986.

Michael R. Carlston, Salt Lake City, for defendants and appellants.

Joseph H. Gallegos, Michael R. Sciumbato, Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

This case involves a suit by plaintiff Angelo Calfo upon a promissory note issued by defendant D.C. Stewart Co. ("Stewart"). The note was payable to the order of C.J. Realty and was sold to Calfo by an agent of C.J. Realty. The trial court granted Calfo a summary judgment enforcing the note. Stewart appealed. We hold that the note was not a negotiable instrument and reverse the trial court on that ground.

Stewart owned the Astro Motel in Cedar City, Utah. Defendant Roland Vance, a real estate agent for defendant C.J. Realty, approached Stewart about listing the motel for sale with C.J. Realty. The listing agreement was entered into, and Vance subsequently obtained a potential buyer for the motel.

On September 24, 1979, Stewart and the potential buyer entered into a lease agreement and option to purchase. The agreement provided that the lessees could exercise an option to purchase the motel on or before May 1, 1980. Also on September 24, 1979, Stewart executed a promissory note for $15,900 payable to C.J. Realty to secure the real estate commission to which C.J. Realty would be entitled if the lessees exercised their option to purchase. The promissory note provided that it would be payable as follows:

> Total due in full upon final closing between D.C. Stewart Co., Seller, and Wendell James Downward and Connie Downward, husband and wife, Buyers, which shall be on or before May 1, 1980, when Buyers exercise their option to purchase the Astro Motel in Cedar City, Utah.

On September 27, 1979, the promissory note was sold by Vance, acting on behalf of C.J. Realty, to the plaintiff Calfo for $12,720.

The lessees never exercised their option to purchase the Astro Motel. However, after May 1, 1980, Calfo made demand upon all of the defendants for payment of the note. When payment was not forthcoming, suit was brought on the note against Stewart, and against Vance as guarantor of the note. Stewart then cross-claimed against his co-defendants for indemnity.

On January 5, 1982, the trial court heard Calfo's motion for summary judgment. Calfo argued that the promissory note was a negotiable instrument on its face, that it was past due, and that he was a holder in due course. On that same date, the court

also heard Stewart's motion for a summary judgment. Stewart asserted that the note was not a negotiable instrument and that Calfo was not a holder in due course. In addition, Stewart's counsel represented that if a judgment was granted against Stewart, counsel for Stewart's co-defendants had consented to entry of judgment on Stewart's cross-claim for any amounts it was required to pay Calfo. The trial court orally granted Calfo's motion. In so doing, it found the note to be "a good note." The court denied Stewart's motion against Calfo, but allowed Stewart indemnity against its co-defendants.

■ On January 14, 1982, the trial court executed a document entitled "Summary Judgment" which awarded Calfo the principal amount of the note $15,900, plus interest at six percent per annum from the due date, and attorney fees of $2,700. Stewart first became aware of this document in May of 1982, when Calfo attempted to collect upon it by instituting supplemental proceedings. Stewart's counsel complained to Calfo's counsel that the form of judgment had not been served upon him prior to its submission to the trial court, as required by Rule 2.9(b) of the District and Circuit Court Rules of Practice for the State of Utah. Efforts to have Calfo's counsel voluntarily withdraw the summary judgment failed. Stewart then moved the trial court to strike the judgment, arguing that the judgment improperly allowed interest and that it had not been submitted to opposing counsel for approval prior to submission to the court.

After a series of hearings on Stewart's motion to strike, the trial court executed an order on June 7, 1983, stating that "the summary judgment entered by the court on January 14, 1982 ... was properly signed and entered by the court on said date and is in full force and effect...." However, the court's June 7th order did modify the

earlier order by deleting the award of interest.

Stewart appeals from the order of June 7, 1983. Calfo objects to the timeliness of the appeal, arguing that the June 7th order merely confirmed the judgment entered on January 14, 1982, albeit as redrawn to eliminate interest; therefore, the time to appeal expired one month after January 14, 1982, not one month after June 7, 1983. Rule 73(a), Utah R.Civ.P.[1]

The appeal was timely taken. We have previously held that unless Rule 2.9(b) of the District and Circuit Court Rules of Practice has been complied with, the judgment in question is not deemed "filed" within the meaning of Rule 58A(c) of the Utah Rules of Civil Procedure and the time for taking an appeal from that judgment under Rule 73(a) [now Rule 4(a) of the Rules of Appellate Procedure] does not begin to run because the judgment has not been properly "entered." *Bigelow v. Ingersoll,* Utah, 618 P.2d 50, 52 (1980); *Larsen v. Larsen,* Utah, 674 P.2d 116, 117 (1983); *Wayne Garff Construction Co., Inc. v. Richards,* Utah, 706 P.2d 1065, 1066 (1985). Because Rule 2.9(b) was not complied with here, there was no judgment from which an appeal could be taken until June 7, 1983. Stewart's appeal from the order entered on that date is timely.

■ Reaching the merits, Stewart argues that trial court erred in finding the promissory note to be a negotiable instrument. To be negotiable under section 3–104(1) of the Uniform Commercial Code, U.C.A., 1953, § 70A–3–104 (Repl.Vol. 7B, 1980), an instrument must meet four criteria. Specifically, it must (i) evidence a signature by the maker or drawer, (ii) contain an unconditional promise or order to pay a sum certain in money, (iii) be payable on demand or at a definite time, and (iv) be payable to order or to bearer. Stewart and Calfo agree that the promissory note in question satisfies the first and fourth of

---

**1.** Rule 73(a) was superseded on January 1, 1985, by Rule 4(a) of the Rules of Appellate Procedure. All relevant developments in this case occurred under Rule 73(a), although the holding

of this case with respect to when a judgment is "filed" is equally applicable under the new Rule 4(a).

these requirements. They disagree as to whether second and third are met.

■ Although the second and third requirements of negotiability are separately stated, in fact they are closely related. Both focus on whether the instrument is a clear and unconditional promise to pay. These concerns are central to the whole concept of negotiable instruments and that should be kept in mind in determining whether a document is entitled to be treated as a negotiable instrument under the Uniform Commercial Code. Two important functions of negotiable instruments are "to supplement the supply of currency" and to provide a present representation of "future payment of money." 1 W. Hawkland, *A Transactional Guide to the Uniform Commercial Code* § 2.0304, at 459 (1964).

> These currency and credit functions would be defeated by conditional promises, because the costly and time consuming investigations that would be required by such promises would impede circulation. Conditional paper would increase the risks of the holder, and discount rates would be increased commensurately. Substitutes for money must be capable of rapid circulation at minimum risks, and credit documents are feasible only when low discounting prevails. Obviously, then, negotiable instruments must be unconditional to serve the purposes for which they are created.

*Id.* Because a negotiable instrument is a substitute for money or currency, both the promise to pay and the certainty of payment must be unequivocal.

■ For similar reasons, an instrument's negotiability must be determinable from what appears on its face and without reference to extrinsic facts. *See Participating Parts Associates, Inc. v. Pylant,* Ala.Civ.App., 460 So.2d 1299, 1301 (1984); *Holsonback v. First State Bank,* Ala.Civ. App., 394 So.2d 381, 383 (1980), *cert. denied,* Ala., 394 So.2d 384 (1981). *See also Official Comments to U.C.C.* § 3–105. This requirement protects transferees from latent defenses to payment, *i.e.,* those defenses which are not readily apparent from

the document. 5 Anderson, *Uniform Commercial Code* § 3–104:4 (3d ed. 1984) (relying upon *First State Bank v. Clark,* 91 N.M. 117, 570 P.2d 1144, 22 U.C.C. Rep. § 1186 (1977)). On the other hand, if the document evinces terms which should alert the transferee of possible defenses, then the transferee is not entitled to insulation from those apparent defenses.

> The whole purpose of the concept of a negotiable instrument under Article 3 is to declare that transferees in the ordinary course of business are only to be held liable for information appearing in the instrument itself and will not be expected to know of any limitations on negotiability, or changes of terms, etc., contained in any separate documents. The whole idea of the facilitation of easy transfer of notes and instruments requires that a transferee be able to trust what the instrument says, and be able to determine the validity of the note and its negotiability from the language in the note itself.

*First State Bank v. Clark,* 91 N.M. 117, 570 P.2d 1144, 1147 (1977).

■ The present case involves a promissory note which is "due in full upon final closing between … seller and … buyers, which shall be on or before May 1, 1980, when buyers exercise their option to purchase the Astro Motel...." In determining whether this promise to pay is conditional or indefinite, we are not aided by the trial court's summary finding that this is a "good note." The document specifically states that it is due only upon final closing "when buyers exercise their option to purchase." This language clearly places the holder on notice that the note will become due only upon a contingency which the holder cannot control, *i.e.,* the exercise by buyers of their option to purchase. As for definiteness, the date set forth, May 1, 1980, merely defines when the option to purchase expires and does not establish a time as to when the note will certainly become due. On these facts, we find the note to be both conditional and indefinite on its face.

Calfo relies upon the case of *Northwestern National Bank of Minneapolis v. Shuster*, Minn., 307 N.W.2d 767 (1981), in support of his argument that language in the promissory note does not make the obligation to pay conditional. We find this unpersuasive. In *Shuster*, the promissory note contained language that "[t]his is promised payment for ownership in Casper project [when] option is exercised for 2nd half." *Id.* at 770. The *Shuster* court found that this reference to an option did not create a conditional promise to pay. However, it ultimately held that the quoted language prevented the holder from being a "holder in due course" under section 3-302(1) of the Uniform Commercial Code because it placed the holder on notice as to a defense against payment based upon failure of a condition precedent if the option there was not exercised. *Id.* at 771. The holdings in *Shuster*—that the note is unconditional but that it gave the holder notice of defenses—appear to be inconsistent. The better reasoning would be that the note was conditional and therefore non-negotiable. *See, e.g., Participating Parts Associates, Inc. v. Pylant*, Ala., 460 So.2d 1299, 1301–02 (1984).

For the reasons stated, we hold that the promissory note sued upon is not a negotiable instrument and that judgment was improperly entered against Stewart. There appears to be no dispute in the record that the sale of the Astro Motel did not occur. Stewart's defenses of lack of consideration, non-maturity of the note, and failure of condition precedent seem to be absolute. We therefore remand the case for entry of a judgment in favor of Stewart on its motion for summary judgment, and for such further proceedings against the other defendants as are appropriate under the pleadings, and as are consistent with this opinion. Consistent with Rule 33(a), Utah R.App.P., costs are awarded to appellant.

HALL, C.J., and STEWART, HOWE, and DURHAM, JJ., concur.