**GRACO FISHING & RENTAL TOOLS, INC., and I.G. Specialty Machine Shop, Plaintiffs and Respondents,**

v.

**IRONWOOD EXPLORATION, INC., R.D. Poindexter, Horizon Oil & Gas Company, William H. Walton, and Arden A. Anderson, Defendants and Appellants.**

No. 860001.

Supreme Court of Utah.

April 2, 1987.

F. Alan Fletcher, Salt Lake City, for defendants and appellants.

Graco Fishing & Rental Tools, Inc., pro se.

HOWE, Justice:

Before us is the respondents' motion to dismiss this appeal on the ground that the appellants did not timely file their notice of appeal.

On July 22, 1985, the trial court ruled in favor of the respondents on their motion for summary judgment. Almost three months later on October 21, a written judgment was signed by the trial judge which was entered by the clerk of the court on October 28. Notice of the entry of the judgment, however, was not served upon the appellants, nor was proof of such service filed with the court as required by Rule 4.5 of the Rules of Practice of the District Courts and Rule 58A(d) of the Utah Rules of Civil Procedure.

The appellants apparently did not learn of the date of the entry of the judgment against them until after the expiration of the thirty days allowed by the rules to file a notice of appeal to this Court. Utah R.App.P. 4(a). Upon learning the date of entry, the appellants filed a motion in the trial court for extension of time to appeal pursuant to Rule 4(e) of the Utah Rules of Appellate Procedure and mailed a copy of the motion to counsel for the respondents. On December 12, the trial court made a minute entry granting the motion for extension of time and directed the appellants' counsel to prepare a written order to that effect. Counsel for the appellants prepared the order and sent the same to the trial court, but it has apparently been misplaced and has not yet been entered. On December 23, the appellants filed their notice of appeal to this Court.

The respondents made no response in the district court, but on January 13, 1986, filed this motion to dismiss the appellants' appeal on the ground that the trial court could not grant ex parte a motion to extend the time to file a notice of appeal when the original thirty-day time period for filing had already run. The appellants respond that the extension of time granted to them by the trial court was not done ex parte and point out that copies of their motion to extend the time for filing an appeal were mailed to counsel for the respondents.

Rule 4(e) of the Utah Rules of Appellate Procedure states:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of

appeal upon motion filed not later than thirty days after the expiration of the time prescribed by paragraph (a) of this Rule. Any such motion which is filed before expiration of the prescribed time may be ex parte unless the district court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with the district court rules of practice.

Under the above rule, since the appellants' motion for an extension of time was filed later than the thirty-day appeal period, notice of the motion was required to be given to the respondents "in accordance with the district court rules of practice." Rule 2.8(b) of the Rules of Practice of the District Court provides that when a motion is served upon a party, it shall have ten days to file and serve upon all other parties a statement of answering points and authorities and counter-affidavits, if any. In the instant case, while the appellants did serve upon the respondents a copy of their motion for an extension of time, the respondents were not accorded ten days to file their statement of answering points in opposition. Instead, only three days after the mailing, the district court entered a minute entry granting the appellants' motion and directing their counsel to prepare a written order to that effect.

Since the minute entry granting the motion was prematurely entered, we dismiss the appeal and remand the case to the district court to allow the respondents the opportunity to oppose the appellants' motion for an extension of time in accordance with Rule 2.8(b), *supra*, and for the district court to then rule on the motion.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, Associate Chief Justice, dissents.