Carol WORKMAN, Class
Representative, Plaintiff
and Appellee,

v.

NAGLE CONSTRUCTION, INC., Artistic
Homes, Inc., Imperial Excavation, Inc.,
Gary Nagle, Lamar Nagle, Michael Na-
gle, Cindy Raleigh, Marilyn Nagle, and
Francis Ford, Defendants and Appel-
lants.

No. 890388–CA.

Court of Appeals of Utah.

Nov. 30, 1990.

Bryan W. Cannon (Argued), Salt Lake City, for defendants and appellants.

Paul N. Cotro–Manes (Argued), Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and CONDER,[1] JJ.

## OPINION

CONDER, Judge:

Defendant Marilyn Nagle appeals the district court's denial of her motion to set aside a judgment. We reverse.

The Utah Division of Consumer Protection (Division) initiated this action as plaintiff under the Utah Consumer Sales Practices Act, title 13, chapter 11 of the Utah Code, alleging misconduct by the defendants in the sale of certain condominiums. This action alleges only civil, not criminal claims, and the Division acted on behalf of what it alleged was a class consisting of the buyers of the condominiums in question. The district court granted summary judgment in favor of the Division, which later assigned the judgment to Carol Workman as representative of the alleged class. Although the condominium buyers are said to be a class in the complaint and in the judgment, formal notice has not been given to the members of a class.

After the pleadings, some early motions, and discovery, the district court scheduled a pretrial conference, which was held on June 17, 1986. The defendants failed to appear at that conference, and the court consequently held them liable according to the complaint and scheduled an evidentiary hearing to determine the amount of the damages. The defendants did not appear at the evidentiary hearing, and judgment was entered against them. The findings and conclusions of this 1986 judgment refer to this case as a class action. However, the 1986 judgment was later set aside

when the court determined that the defendants' newly substituted counsel had not been properly notified of the pretrial conference or of the ensuing evidentiary hearing.

In November of 1987, the Division moved for summary judgment, seeking essentially the same disposition as it had earlier obtained after the defendants failed to appear at the pretrial conference. The defendants failed to respond to the motion for summary judgment, and the court granted it. The State assigned the resulting summary judgment to Carol Workman "as class representative," and she was substituted as the sole plaintiff in this action.

After proceedings were begun to enforce the judgment, Marilyn Nagle, with new counsel, moved in February 1989 to set the judgment aside pursuant to Utah R.Civ.P. 60(b). The district court denied her motion, and she has appealed that denial.

### Notice of Entry of Judgment

■ Before determining whether the judgment should be set aside, we consider whether it was validly entered in the first place.[2] Marilyn Nagle argues that the judgment was not validly entered because the prevailing party did not notify her of it pursuant to Utah R.Civ.P. 58A(d), which reads:

(d) *Notice of signing or entry of judgment.* The prevailing party shall promptly give notice of the signing or entry of judgment to all other parties and shall file proof of service of such notice with the clerk of the court. However, the time for filing a notice of appeal is not affected by the notice requirement of this provision.

In addition, former Rule 4.5 of the Rules of Practice of the District and Circuit Courts,

---

1. Dean E. Conder, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(10) (Supp.1990).

2. A judgment that has not been validly entered is not effective as a judgment, *see Wisden v. City of Salina*, 696 P.2d 1205 (Utah 1985); *Yusky v.*

*Chief Consolidated Mining Co.*, 65 Utah 269, 236 P. 452 (1925), and, since it intrinsically lacks force, there is no point in setting it aside. However, a seemingly effective, but nevertheless invalid judgment is potentially misleading and should be stricken.

in effect when this judgment was entered,[3] contained a similarly worded requirement that the prevailing party notify all other parties that the judgment had been entered.

Workman, the current plaintiff in this case, concedes that neither she nor the Division complied with Rule 58A(d) or Rule 4.5. However, that noncompliance does not invalidate the judgment. Utah R.Civ.P. 58A(c) provides that "[a] judgment is complete and shall be deemed entered for all purposes, except the creation of a lien on real property, when the same is signed and filed as hereinabove provided." Thus, in *Mountain States Tel. & Tel. v. Sohm*, 755 P.2d 155, 157 (Utah 1988), the failure to give notice of the judgment did not preclude the effectiveness of the judgment, but rather, under the circumstances, was harmless error. Notice to the parties of the entry of the judgment was therefore not a prerequisite to its effectiveness.[4]

This conclusion is consistent with the case law under the comparable federal rule. Rule 77(d) of the Federal Rules of Civil Procedure requires that the clerk of the court notify the parties of the entry of a judgment. Although in federal procedure it is thus the clerk, rather than the prevailing party, who bears the responsibility to give notice of the judgment, the purpose and intended effect of the Utah and the federal rules are the same, namely, notice that a judgment has been entered. Federal courts generally hold that the losing party's lack of the required notice does not preclude effectiveness of the judgment. *See, e.g., Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054 (11th Cir.

1986); *Spika v. Village of Lombard*, 763 F.2d 282 (7th Cir.1985), *cert. denied* 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986); *Orshan v. Macchiarola*, 105 F.R.D. 534 (D.N.Y.1985).

■ However, the failure to give the required notice is an important factor in determining the timeliness of post-judgment proceedings, where an exact time limit is not prescribed. If a party has had notice of the judgment but has nevertheless remained idle in attacking it in the court of rendition or in appealing it, that lack of diligence is a strong reason not to disturb the judgment. On the other hand, if a losing party has remained ignorant of a judgment in part because the prevailing party has not complied with Rule 58A(d), the resulting delay is more reasonable for purposes of Rule 60(b)(5)–(7). Rule 58A(d) and the current Rule 4–504 are therefore not inert desiderata. Rather, while noncompliance with those rules does not bring about the automatic invalidity of an entered judgment, it is a weighty factor in determining the timeliness of later challenges to the judgment under Utah R.Civ.P. 60(b)(5) through (7). A judgment is thus presumed effective when entered until a timely and meritorious challenge is brought against it, and Rules 58A(d) and 4–504 weigh heavily in determining whether a challenge under Rule 60(b)(5)–(7) is timely.

We therefore hold that the judgment in this case has taken effect, despite the plaintiff's failure to send the required notice of the judgment. We proceed to consider the timeliness of the motion to set the judg-

---

**3.** The judgment in this case was rendered in January of 1988. On October 30, 1988, Rule 4.5 was superseded by Rule 4–504 of the Code of Judicial Administration.

**4.** Utah cases decided under the now repealed Rule 2.9 of the Rules of Practice of the District and Circuit Courts held that the time for filing notice of appeal did not begin to run until notice of the judgment had been given. *Calfo v. D.C. Stewart Co.*, 717 P.2d 697, (Utah 1986); *Wayne Garff Constr. Co. v. Richards*, 706 P.2d 1065 (Utah 1985); *Larsen v. Larsen*, 674 P.2d 116, 117 (1983); *Bigelow v. Ingersoll*, 618 P.2d 50, 52 (Utah 1980). The newly revised Utah R.Civ.P. 58A(d) in effect overrules these cases,

and provides that the time for filing notice of appeal begins to run when the judgment is entered, and entry does not include a requirement that counsel give notice of the judgment. *See Graco Fishing & Rental Tools, Inc. v. Ironwood Exploration, Inc.*, 735 P.2d 62 (Utah 1987) (remanding to consider extension of time for appeal despite failure to serve notice of judgment).

With regard to post-trial motions in the trial court, rather than to notices of appeal, the rule has long been that the time for filing begins to run even though notice of the judgment was not given. *In re Bundy's Estate*, 121 Utah 299, 241 P.2d 462 (1952).

ment aside, bearing in mind the fact that Marilyn Nagle did not receive the required notice of the judgment.

### Timeliness under Rule 60(b)

■ Before considering the merits of the motion to set aside, we consider the time requirements for such a motion prescribed by Utah R.Civ.P. 60(b). Rule 60(b) enumerates seven grounds for setting aside judgments, and requires that a motion relying on grounds (1) through (4) be made within three months of the entry of the judgment. None of grounds (1) through (4) has been asserted in this case, perhaps in view of the fact that Marilyn Nagle's motion to set the judgment aside was made over a year after the judgment was entered.

A rule 60(b) motion relying on grounds (5) through (7) need not necessarily be made within three months, but it must be made "within a reasonable time":

> [A] party seeking relief under [Fed.R. Civ.P. 60(b)(5) through (7)] must do so within a "reasonable time." The bases for relief are that the judgment is void, or that it has been satisfied, or that the law on which the court relied has been reversed, or, if an injunctive decree is involved, that a change in circumstances makes it no longer equitable to enforce it. The decision not to limit the right to raise these challenges within a set time period reflects the seriousness of the issues.... In general, under all of these provisions the moving party need show only that she acted diligently once the basis for relief became available, and that the delay in seeking relief did not cause undue hardship to the opposing party.

J. Friedenthal, M. Kane & A. Miller, *Civil Procedure* § 12.6 at 574 (1985); *see also* 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2866 (1973).

In this case, Marilyn Nagle moved to set aside the judgment within about a month after learning that the judgment had been entered, and her ignorance of the judgment until that time was due in part to a lack of notice that the plaintiff was required to provide. Furthermore, her motion asserts, with good reason as noted below, that the judgment is void, and the seriousness of that basis for setting aside the judgment also weighs heavily in favor of holding her timing to be reasonable. Marilyn Nagle's motion was therefore timely under rule 60(b), and, since no other procedural irregularities appear on the threshold, we proceed to the merits of her motion and consider whether the district court erred in refusing to set the judgment aside.

### Procedural Defects in Class Action

■ This case was apparently intended to be a class action. The Division is enabled by Utah Code Ann. § 13–11–17 (1986) to bring essentially two types of actions for the recovery of damages compensating consumers, an action under section 13–11–17(1)(c) "to recover ... on behalf of consumers who complained to the [Division] within a reasonable time after it instituted proceedings under this chapter," or a class action under section 13–11–17(2) on behalf of consumers. There is no mention in this case that any of the allegedly aggrieved consumers complained to the Division within a reasonable time; rather, the complaint contains allegations supporting the formation of a class, and the judgment that Marilyn Nagle seeks to set aside is based on the express conclusion that a class properly exists and is to receive the judgment.[5] However, although this case was pursued

---

5. The State was the only named plaintiff in this case until after the judgment was awarded, even though the State was not a member of the "plaintiff" class. The State was therefore an inappropriate choice as class representative, since it had no claims of its own that were typical of the class. *See* Utah Code Ann. § 13–11–20(1)(c) (1986). While the State may, in its own name, press the claims of those who complain to it under section 13–11–17(1)(c), *see State ex rel. Div. of Consumer Protection v. GAF Corp.*, 760 P.2d 310 (Utah 1988), section 13–11–20(1) requires that a class action be brought in the name of a representative member or members of the class. The erroneous designation of the State as class representative is another defect in this class action, besides lack of notice to the class. However, we do not rest our decision on the choice of class representative, but rather merely note the problem for the district court's consideration on remand.

as a class action, there is no indication in the record that the members of the class were notified that this would-be class action was pending, that they had a right to pursue their claims independently of the class, and that a judgment rendered in the class action would conclusively adjudicate their claims against the defendants.

■ Notice to absent members of a plaintiff class, and an opportunity for them to disassociate themselves from the class, are critical requirements for maintenance of a class action, requirements founded in the federally guaranteed right of the absent class members to due process of law. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12, 105 S.Ct. 2965, 2974–75, 86 L.Ed.2d 628 (1985); *In re Temple*, 851 F.2d 1269 (11th Cir.1988); *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 645 (N.D.Cal. 1987). A class action adjudicates the rights of persons who ordinarily are not actively involved in the litigation or aware of specific actions taken in it. Because of this fact, the court assumes some responsibility to protect the interests of the absent class members. *Phillips*, 472 U.S. at 809, 105 S.Ct. at 2973; 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.45[4.–5] (1987) (characterizing a class action as a "quasi-administrative proceeding conducted by the judge"); Kaplan, Continuing Work of the Civil Committee: 1966 Amendments to the Federal Rules of Civil Procedure (I), 81 *Harv.L.Rev.* 356, 398 (1967). The resulting adjudication of the rights of persons without their active participation, and the added burden on the court, are justified only if the prerequisites for a class action are met. *See* Utah Code Ann. § 13–11–20(1)(a)–(e); Utah R.Civ.P. 23(a)–(b).[6]

In this case, nothing in the record indicates that the members of the would-be class consisting of the condominium owners were notified that this action had been brought to adjudicate their claims against the defendants. Workman's counsel represented at oral argument that the condominium owners had actual knowledge of the litigation in this case and notice to them would therefore have arguably been a mere formality. However, there is no evidence in the record to support this representation of counsel. While we have no particular reason to doubt it, there is nevertheless no sufficient evidentiary basis to support a finding that the condominium owners had actual knowledge of this action, as counsel represented.[7] We therefore lack the factual predicate for taking up the issue whether actual knowledge satisfies the right of the class members to notice. Based on the record before us, there is no evidence that the condominium owners knew or were notified of this litigation and its potential effect on their rights in relation to the defendants.

The requirement that the class in this case be notified of the class action is founded on the due process rights of the members of the class, who are not active in this litigation. A judgment is void as against persons to whom due process has not been accorded in its rendition.[8] The judgment in favor of the state on behalf of this would-be class of condominium owners is therefore void.

■ Since the void judgment was a nullity when rendered, Workman took nothing when it was assigned to her. Moreover, even if we assume that corrective action after rendition could somehow breathe life into the void judgment, the assignment to

---

**6.** A class action is not the only means of organizing, for litigation purposes, a group of claimants whose interests appear to be aligned or similar. Such a group may form an association, a non-profit corporation, or use another means of organizing private activity. Such private organizational forms have the advantage of leaving in the claimants' hands the decisions concerning their relations between themselves, rather than placing the court in the role of defining and overseeing those relations in supervising a class.

**7.** *See Redd v. Negley*, 785 P.2d 1098 (Utah 1989).

**8.** *Bradford v. Nagle*, 763 P.2d 791 (Utah 1988) (judgment not satisfying the minimum contacts test of the due process clause was void); *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448–50 (9th Cir.1985); *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1356–58 (Alaska 1974).

Workman would create no basis for correcting and salvaging the judgment, because the assignment provides that Workman acts as a representative of the class. It is clearly a step in the right direction for a class representative (rather than the State, which is not a member of the class) to pursue this class action, but the assignment does not correct the lack of notice to the members of the class. Thus, the ameliorative action taken after entry does not vitalize this void judgment.

We respectfully decline to take the approach suggested in the concurring opinion, primarily because it was not considered by the trial court or the parties, leaving us without some necessary information. An appellate court can indeed raise a jurisdictional point sua sponte,[9] but not all procedural nonconformities create jurisdictional defects. Moreover, even if we were to assume that administrative noncompliance with section 13–11–17(2)(a) could affect the court's jurisdiction, we lack the basis for determining whether the Division failed to comply with section 13–11–17(2)(a) in this case. Such a determination would hinge in part on whether the defendants committed an act or practice which violated an administrative or case law rule, and we cannot simply assume, in the absence of argument and a trial court decision on the issue, that the defendants did not violate such a rule. Moreover, the Division is empowered to sue in its own name, *see* Utah Code Ann.

§ 13–11–17(1)(c) (1986), as well as on behalf of a class, and the complaint can be interpreted under notice-pleading rules[10] as stating a claim for relief to the Division on behalf of complaining consumers who were later erroneously certified into a class, notwithstanding the lack of notice to them.

■ In conclusion, Utah Rule of Civil Procedure 60(b)(5) requires[11] that a void judgment be set aside. Marilyn Nagle moved to do so, and, for the reasons noted above, the district court erred in denying her motion. The denial of her motion is therefore reversed, the judgment is set aside as void, and this case is remanded for further proceedings.[12]

GARFF, J., concurs.

BENCH, Judge (concurring in result):

I agree that the class judgment awarded to the Division of Consumer Protection (Division), and later assigned to Workman, is void, but on different grounds. While the majority rests its decision upon a procedural defect, with which I do not necessarily disagree, I believe that under the Utah Consumer Sales Practices Act (the Act), no class action may be maintained in the present case. Any class judgment would therefore be void, even if procedurally correct under section 13–11–20 of the Act.

It is clear from the pleadings that the only cause of action alleged against defen-

9. *Western Capital & Secs., Inc. v. Knudsvig,* 768 P.2d 989, 992 (Utah Ct.App.), *cert. denied,* 779 P.2d 688 (Utah 1989); *see also State v. Palmer,* 777 P.2d 521 (Utah Ct.App.1989) (appellate jurisdiction).

10. *Quinn v. Quinn,* 772 P.2d 979 (Utah Ct.App. 1989); *Dementas v. Tallas,* 764 P.2d 628 (Utah Ct.App.1988).

11. Generally, the district court has some discretion in ruling on a rule 60(b) motion. However, if the judgment is determined to be void, the court has no discretion, and the judgment must be set aside. *Honneus v. Donovan,* 691 F.2d 1, 2 (1st Cir.1982); *Jordon v. Gilligan,* 500 F.2d 701 (6th Cir.1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1974); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862 at 197 (1973).

12. Nothing in our ruling requires the dismissal of the claims raised in this case. Rather, on

remand, the judgment should be treated as if it had never been entered, because it is void. From this point, the district court could, on motion of a party or sua sponte, proceed to certify a class pursuant to section 13–11–20, if it first determines that the Division had authority to sue on behalf of a class in this case. Alternatively, the action could be pursued, not by a class, but by the individual parties in their own names, *see* Utah Code Ann. § 13–11–19 (1986). Once the condominium owners have properly become parties (assuming no further involvement by the State), the court and the parties may proceed to consider the merits.

The decision from which this appeal was taken was the denial of a motion by all remaining defendants to set the judgment aside; however, only Marilyn Nagle appealed. Our ruling on appeal therefore applies only to Marilyn Nagle.

dant is for a violation of the Act.[13] Section 13–11–23 of the Act provides that "a class action relating to a transaction governed by this act *may be brought only as prescribed by this act.*" (Emphasis added.) Section 13–11–17(2)(a) of the Act permits a class action suit only after publication of a rule or entry of a final judgment declaring an alleged act or practice to be a violation of the Act.[13] The Division points to no rule or final judgment issued prior to the occurrence of the alleged acts.

Simply stated, the Division did not have any statutory authority to bring a class action suit against the defendant. The preconditions identified in the Act, by which the Division could be authorized to bring a class action, were not satisfied. Since the Division did not have any statutory authority to bring a class action, and the Division was not a member of the purported class, the Division clearly lacked standing to pursue the present case as a class action. Inasmuch as no class action could have been maintained procedurally, no class judgment could have been awarded. An award to a class was therefore outside the jurisdiction of the trial court. *See Woodworth v. Utah National Guard,* 793 P.2d 383 (Utah 1990) (failure to follow statutorily mandated procedure rendered claim outside of court's jurisdiction). The judgment awarded to the purported class was therefore null and void. *See Hiltsley v. Ryder,* 738 P.2d 1024, 1025 (Utah Ct.App.1987) ("A trial court may not render judgment in favor of a nonparty.").

I concur in the majority's conclusion in note 12 that the setting aside of the judgment as void should not be interpreted as a dismissal of plaintiff's cause of action. The Division does have authority pursuant to section 13–11–17(1)(c) to act on behalf of complainants in seeking compensation for actual damages incurred as a result of a violation of the Act. *See State ex rel. Div. of Consumer Protection v. GAF Corp.,* 760 P.2d 310 (Utah 1988). I take exception, however, to the dicta in notes 5 and 12 suggesting that this matter should be pursued by a class representative rather than the Division. The dicta ignored the clear authority given by the legislature to the Division to handle matters such as these. Section 13–11–17(1)(c). Furthermore, a class member, like the Division, would be prohibited from bringing a class action suit in this matter until after the publication of a rule or entry of a final judgment declaring the alleged activities of the defendant to be a violation of the Act. *See* section 13–11–19(4)(a).

---

**13.** The enforcing authority [the Division] may bring a class action on behalf of consumers for the actual damages caused by an act or practice specified as violating this chapter *in a rule* adopted by the enforcing authority … *before* the consumer transaction on which the action is based, or declared to violate [this chapter] *by final judgment* of courts of general jurisdiction and appellate courts of this state that was either reported officially or made available for public dissemination … by the enforcing authority ten days *before* the consumer transactions on which the action is based, or, with respect to a supplier who agreed to it, was prohibited specifically by the terms of a consent judgment that became final before the consumer transactions on which the action is based.

Utah Code Ann. § 13–11–17(2)(a) (1986) (emphasis added).